IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFREY HARRISON WRIGHT,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:20cv00094** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LISA FERGUSON,** | ) | **By: Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

Plaintiff Jeffrey Harrison Wright, a former inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Nurse Lisa Ferguson. Having reviewed Wright's complaint and the attachments thereto, the court concludes that Wright fails to state a cognizable federal claim against Nurse Ferguson and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Wright alleges that during his incarceration at the New River Valley Regional Jail, he requested an appointment with the mental health department in order to be placed on medication for his "mental and physical illnesses." At his first appointment, an intake worker came to speak with him in his pod. They sat a table in the middle of the pod, which housed approximately fifty other inmates. Wright asked if they could go someplace more private to discuss his health and was told that they were "fine" where they were. Wright insisted that he did not feel comfortable discussing his health "in front of other people," and the intake worker told him that he could refuse to have the appointment if he was not comfortable. Wright refused the appointment and the meeting ended. Wright states that, later that night, he submitted another request for an appointment and asked why he could not be seen by staff in private. Wright claims that he did not receive proper treatment for his health and that his health can "only get better with proper treatment." Wright alleges no facts against or conduct committed by the only named defendant, Nurse

Ferguson.  In fact, her name appears nowhere in the complaint except the caption.  However, attached to his complaint, Wright submits copies of two Requests for Medical Treatment that he submitted while he was incarcerated, both of which Nurse Ferguson responded to.  In the first request, Wright stated:

> Is it a good practice to speak with mental health in front of the pod[?]  I thought it was confidential about my mental issues.  I feel like my constitutional rights have been violated- like to request a grievance so I may start this process to see if they have been violated.

In response, Nurse Ferguson stated, "Your constitutional rights have nothing to do with how or when you meet with [mental health].  You have the right to refuse which is what you should have done if you feel uncomfortable."  In the second request, Wright stated:

> Your response to my request for a grievance form about my constitutional rights being violated is somewhat absurd and a whole lot unprofessional like.  I do not know what type of credentials you have but I'm sure they will not last long practicing like this.  I will have a copy of what they call a privacy act sent to me through the mental health office that I signed and returned to my mental health worker.  Because I am incarcerated does not mean that I lost all of my rights.  I still have rights as an inmate, and I know that one of them is I have the right to keep my mental health and physical health private from other inmates.  This did not happen the other day.  I was on a ped[e]stal in front of [the] pod speaking about my mental condition and meds.  I ask[ed] him to come to my cell or somewhere else a little more private and he declined.  Yes, I am very uncomfortable now for the simple fact that others know what type of meds I was receiving, and I have been approached by others to try to obtain these meds when I receive them.  Very uncomfortable.

> In response, Nurse Ferguson stated, "I have spoken to [mental health] about your concerns.

In the future, if you don't feel comfortable about talking to them, say NO."  Since filing this action, Wright has been released from incarceration.  See ECF No. 9.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this

deprivation resulted from conduct committed by a person acting under color of state law.   West v. Atkins, 487 U.S. 42 (1988).   To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need.   Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995).   Wright's complaint fails to allege any facts against or conduct committed by Nurse Ferguson.   Even after considering Nurse Ferguson's responses to Wright's requests for treatment, nothing suggests that Nurse Ferguson was deliberately indifferent to Wright's medical needs.   See Farmer v. Brennan, 511 U.S. 825, 837 (U.S. 1994) (A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety.")   Therefore, the court concludes that Wright has failed to state a cognizable Eighth Amendment claim against Nurse Ferguson.   Moreover, to the extent Wright may be complaining about Nurse Ferguson not providing him a grievance form, this allegation also fails to state a cognizable federal claim.   See Booker v. S.C. Dep't of Corr., 855 F.3d 533 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure."); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) ("The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

### III.

For the reasons discussed, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Further, by order entered July 27, 2020, the court advised Wright that because he was no longer an inmate, he would not be allowed to pay the filing fee in installments under the Prison Litigation Reform Act.   See ECF No. 10.   The court ordered Wright to pay the balance of the filing fee or otherwise respond to the order within ten days. Id.   The court warned Wright that failure to pay the filing fee or otherwise respond to the order would result in immediate dismissal of the action without prejudice.   Id.   Wright did not respond to the court's order.

**ENTER**: This <u>14th</u> day of August, 2020.

Michael F. Urbanski
Chief U.S. District Judge
2020.08.14 19:16:02 -04'00'

Michael F. Urbanski
Chief United States District Judge